# SUPREME COURT.

## DEMAS S. BARNES and JOHN D. PARK agt. JAMES McALLISTER.

In an action for the *specific performance* of a contract, to compel the defendant to manufacture and sell to the plaintiffs exclusively, a particular article, an *injunction* which restrains the defendant from selling, or in any manner disposing of such article to any other persons than the plaintiff, &c., will be dissolved, where it appears :

1st. That the agreement or contract between the parties is not fair and equal;

2d. Where it would be impossible for the court to ascertain whether the most essential provisions of the contract on both sides, have been complied with; and,

3d. Where the parties themselves have provided the actual measure of damages to be paid by the defendant in case of a violation of the terms of the contract.

In such a case, it is proper to leave the parties to their remedy, by an action for damages, in case of a violation of the contract.

*New - York, Special Term, March,* 1860.

MOTION by defendant to dissolve an injunction, obtained by plaintiff, *ex parte.*

The action is brought by the plaintiffs, the firm of Barnes & Park, who are wholesale druggists and patent medicine dealers at No. 13 Park Row in this city, for a perpetual injunction, restraining the defendant, who is the manufacturer, at No. 143 Fulton street in this city, of an ointment known as " McAllister's All-Healing Ointment, or World's Salve," from selling or in any manner disposing of said ointment to any other persons than the firm of Barnes & Park, and to compel the defendant to manufacture the ointment for them exclusively.

The facts are fully stated in the following opinion.

LEONARD, Justice.    The complaint herein demands a specific performance of a contract between these parties, in respect to the manufacture and sale, for the term of twenty-one years, of an ointment known as " McAllister's All-Healing Ointment, or World's Salve," the component parts and manufacture of which is a secret known only to the defendant.

The defendant has agreed to manufacture this salve, for the plaintiffs exclusively, for $—— per gross, in quantities from 20 to 50 gross, as the plaintiffs require, keeping them always with twenty gross on hand, the quality to be always equal to the standard existing when the contract was made in April, 1856, perfumed, labelled, put in packages, boxed and marked as agreed on, or in any other style which the plaintiffs dictate for the benefit of the article.

The defendant has agreed not to sell, trade or exchange the ointment with any other party; not to divulge the secret or transfer his right thereto, except by the permission of the plaintiffs. The plaintiffs agree to re-sell to the defendant, at the same prices, all that he requires for retail at his store, or to fill European orders. For every gross which the defendant sells in violation of the agreement, he binds himself to pay to the plaintiffs two gross.

The plaintiffs thereby agree to buy the ointment at the price named, to advertise it in their medical almanac, exert their influence to increase sales, not to become interested in the sale of any other ointment, reserving the privilege of buying, selling and becoming agents of any other ointment or salve which their customers require.

The plaintiffs, by their complaint, allege that the defendant has recently sold ointment to several other dealers in this city, and have obtained an injunction restraining the defendant from delivering it to any parties other than the plaintiffs.

The defendant admits, substantially, the selling of the ointment to other parties, but complains that the plaintiffs do not exert themselves to increase the sales, and that they have become interested in another ointment, known as " Redding's Russian Ointment," which they advertise and sell to the prejudice of sales of the ointment manufactured by him, and that, in consequence thereof, the sales of the article have fallen off nearly one-half.

A motion is now made by the defendant, on the pleadings and on the affidavits, to have the injunction dissolved.

Affidavits have also been read, on the part of the plaintiffs,

to sustain their allegations and defeat those made by the defendant, but all the facts and issues necessary for the decision of this motion are stated above.

Several sufficient reasons exist, in my opinion, for the dissolution of this injunction :

I. The agreement is not fair and equal.  The defendant excludes himself wholly from the market, except his retail sales, but the plaintiffs are under no obligation to take or pay for his ointment, except as they require it, or call for it in quanties of 20 to 50 gross.  The defendant has no opportunity to tender them the manufactured ointment, and demand payment therefor in money or notes.  He must wait till the plaintiffs order the article; he must keep them supplied with not less than twenty gross, at all times, which the plaintiffs are not compelled to receive unless they have ordered it.  Although it seems to be contemplated that the plaintiffs would increase the sales of the ointment by their influence, yet they are not under any obligation to do so.  They do not undertake to keep the sales up to the point existing when the contract was entered into.  Nor do they agree to furnish a market for any fixed amount of the article as a minimum.  The interests of the defendånt appear to me to have been wholly overlooked, in settling the terms of this agreement; whether this omission arises from want of intelligence on the part of the defendant, or from overreaching design on the part of the plaintiffs, or from mutual confidence and neglect of both parties, it is not necessary to inquire.  When a specific performance of a contract is demanded, the courts hold that its provisions must be fair and equal, or they will leave the parties to their action at law.

II. It would be impossible for a court of equity to ascertain whether the most essential provisions of this contract, on both sides, have been complied with, under a decree of specific performance, should such a decree be pronounced.

The compounding of this ointment is a secret, known only to the defendant ; whether the defendant combines the proper ingredients, or what these ingredients are which constitute the

Barnes agt. McAllister.

valuable qualities of the article, or in what proportion they are to be combined, neither the court, nor any referee whom the court might name, would be able to decide.

The difficulty, also, of ascertaining whether the plaintiffs do, in good faith, exert their influence to increase the sales of the defendant's ointment, on the other hand, might be beyond the means which the court can exercise.

In either case, the decision of the court would be wholly nugatory, unless it can be known with certainty when performance or compliance with the decree has been made. No referee could report anything more than a probability—a guess—whether the defendant was, or was not, in contempt for non-performance of such decree in this case.

Besides, I am not free from doubt whether the plaintiffs do exert their influence, in good faith, to promote the greatest possible sales of the article in question.

III. The parties have themselves provided the actual measure of damages to be paid by the defendant, in case of a violation of this contract by selling the article to other parties, viz : two gross to be paid for every one sold. No provision of a specific nature is, however, provided, in case of any violation by the plaintiffs, but the defendant is left to such uncertain damages as he can succeed in showing, in a case when the facts constituting a breach would be necessarily known almost exclusively to the plaintiffs, and where evidence of facts, proving the breach of the damage, would not very probably be within the knowledge of the defendant.

I think this is a proper case to leave the parties to their remedy by an action of damage, in case a violation of the contract has happened.

An order must be entered dissolving the injunction, with ten dollars costs of the motion to the defendant, to be costs in the action.