# SUPREME COURT.

JOHN P. NESSLE and others agt. HENRY REESE and wife,
and EDGAR HUDLER.

Where in a *covenant to keep secret* the principles of a particular invention, the
parties *fix the amount of damages* therein at a specified sum, the party com-
plaining of a breach of the covenant cannot have an *injunction* restraining the
other party from disclosing the secret. The damages being settled and liquidated
in the covenant, the party must be left to pursue his remedy by *action upon the
covenant* for the damages.

*New York Special Term, June,* 1865.

THE plaintiffs seek to restrain the defendants by injunc-
tion, from disclosing or using a certain secret process or
method of compounding and applying porcelain enamel to
iron and other wares. The defendant Reese, appears to
have been the inventor of this secret, and he, with his
wife, assigned it in 1861 to certain parties, through whom
the plaintiffs claim title.

JOHN E. BURRILL *and* H. F. ANDERSON, *for plaintiffs.*
STALLKNECHT & HALL, *for defendants.*

MILLER, J. I think that this action cannot be main-
tained. The agreement for the sale of the secret for com-
pounding and applying porcelain enamel, upon which the
plaintiffs' action is founded, contains a covenant that the
defendants, Reese and wife, shall keep the secret under a
forfeiture of five thousand dollars, settled upon as liquida-
ted damages, to be paid for every failure to do so.

The principle upon which courts of equity decree a spe-
cific performance of contracts is, because damages at law
may not, in a particular case, afford a complete remedy,
and the difficulty of ascertaining the damages (*Willard's
Eq. Juris.* 274, 278). In the case at bar, the parties by

fixing the amount of damages in the agreement, have provided a complete and perfect remedy, and there is no difficulty in determining what the damages are.

The damages being thus settled and liquidated, I think that the plaintiffs should be left to pursue their remedy by an action upon the agreement for damages, and are not entitled to an injunction restraining the defendants, and to equitable relief. (*See Hoffman's Provisional Remedies*, 215; *Barnes* agt. *McAllister*, 18 *How.* 534; *Vincent* agt. *King*, 13 *How.* 234.) Nor does it in my opinion, alter the case because the defendants, Reese and wife, have no property. That fact alone cannot disturb the general principle that in the case of a sum settled as liquidated damages, the parties are not usually entitled to an injunction, but must invoke their remedy at law for damages, where there is a violation of the contract. The purchaser here could have provided for such a contingency by requiring security, and it is his own fault that he has failed to do so.

These views necessarily lead to the conclusion that the complaint must be dismissed, and that the defendants are entitled to judgment.